IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM LEDONNE, | ) | |
| | ) | No. 22 C 2157 |
|     Plaintiff, | ) | |
| | ) | Magistrate Judge M. David Weisman |
| v. | ) | |
| | ) | |
| BENJAMIN SCHUSTER, et al. | ) | |
| | ) | |
|     Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This case is before the Court on defendants' Motion to Quash Subpoena to Rockford Police Department [47]. For the reasons set forth below, the Court denies the motion and orders the City of Rockford to comply with plaintiff's subpoena.

**Background**

This case involves an alleged incident where two Arlington Heights police officers (Schuster and Sobey) used physical force to subdue the plaintiff at his own home. Plaintiff sued Schuster, Sobey, and the Village of Arlington Heights under 42 U.S.C. § 1983, alleging multiple constitutional violations.

The case is proceeding through discovery. Relevant here, plaintiff sent a third-party subpoena to the City of Rockford, seeking, *inter alia*, employment records and citizen complaints regarding Officer Schuster.[1] The subpoena specifically requests the following information:

---

[1] Officer Schuster was a Rockford police officer before joining the Arlington Heights Police Department.

- The personnel file of former Rockford Police Officer Benjamin Schuster*

- Any and all training records of former Rockford Police Officer Benjamin Schuster

- Any and all disciplinary records of former Rockford Police Officer Benjamin Schuster

- Any and all citizen complaints pertaining to former Rockford Police Officer Benjamin Schuster

- Any and all internal complaints pertaining to former Rockford Police Officer Benjamin Schuster

- Any and all documents investigating, assessing, or evaluating the use of force by former Rockford Police Officer Benjamin Schuster during his execution of police duties

    *Produced file shall redact home addresses, telephone numbers, family histories, family member information, and insurance and benefit information.

ECF 47-1 at p. 5. Defendants filed a motion to quash the subpoena, asserting that the requested information is prohibited from disclosure by Sections 7 and 8 of the *Illinois Personnel Record Review Act*. 820 ILCS 40/7, 820 ILCS 40/8. Accordingly, defendants allege that disclosure of the requested information is an unlawful invasion of privacy. Separately, the City of Rockford objected to the subpoena in correspondence to plaintiff's counsel, asserting that the request is overbroad.

Defendants make additional arguments in their reply brief. Specifically, defendants assert that some of the subpoenaed records may be privileged, the records are irrelevant, and the subpoena is overbroad. Defendants also propose that if the Court is inclined to allow the subpoena to proceed as written, the Court should first conduct an *in camera* review of the records to determine which records can lawfully be produced.

## Discussion

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "A party seeking such discovery should point to something that demonstrates that the requested documents are both relevant and proportional to the needs of the case, as Rule 26 dictates." *Allstate Ins. Co. v. Electrolux Home Prod., Inc.*, No. 16-CV-4161, 2017 WL 5478297, at *4 (N.D. Ill. Nov. 15, 2017); *see also Autotech Techs. Ltd. Partnership v. Automationdirect.com, Inc.*, 235 F.R.D. 435, 440 (N.D. Ill. 2006) ("The initial inquiry in enforcement of any discovery request is one of relevance."). "If discovery appears relevant, the burden is on the party objecting to a discovery request to establish the request is improper." *Doe v. Loyola Univ. Chicago*, No. 18 CV 7335, 2020 WL 406771, at *2 (N.D. Ill. Jan. 24, 2020).

Pursuant to Federal Rule of Civil Procedure 45, a court is required to quash a subpoena under various circumstances, including when it requires a non-party to travel more than 100 miles from where he resides, is employed, or regularly transacts business, as well as when the subpoena subjects the recipient to undue burden. Fed. R. Civ. P. 45(c)(3)(a). [2]

We address each of the objections to the subpoena below.

---

[2] As a brief threshold matter, the Court also notes that "a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action unless the party claims some personal right or privilege with regard to the documents sought." *Kessel v. Cook County*, No. 00 C 3980, 2002 WL 398506 at *1–2, 2002 U.S. Dist. LEXIS 4185 at *5–6 (N.D. Ill. Mar. 13, 2002). Although plaintiff does not appear to dispute defendants' standing to bring this motion, the Court notes that defendant Schuster claims his privacy rights would be violated if the subpoenaed records were disclosed. Defendants also claim that the subpoena asks for information that may be privileged. Thus, the Court finds that defendants have made a facial showing of standing to bring their motion to quash the third-party subpoena. We do not further address this issue.

Invasion of Privacy

As an initial matter, the Court notes that the only protective order that has been filed in this case relates to "protected health information," pursuant to certain federal laws. Dkt 24. However, the information at issue in this subpoena is purportedly protected under the *Illinois Personnel Record Review Act*, 820 ILCS 40/et seq., a state law that, among other things, shields certain employment disciplinary records from disclosure. 820 ILCS 40/7 and 820 ILCS 40/8. Thus, the current protective order does not ostensibly apply to these records, though an amended protective order (or a new one) would seemingly do the trick. Indeed, to the extent the information sought is protected under state law, an appropriate agreed protective order between the parties seems like a simple resolution. Protective orders routinely facilitate the sharing of confidential information in discovery: "[c]onfidential information is customarily made available ... under a protective order." *Ball Mem'l Hosp., Inc. v. Mutual Hosp. Ins., Inc.*, 784 F.2d 1325, 1346 (7th Cir.1986). *See also Harrisonville Tel. Co. v. Illinois Com. Comm'n*, 472 F. Supp. 2d 1071, 1077 (S.D. Ill. Dec. 13, 2006) ("The purpose of the provisions of Rule 26 governing protective orders is to facilitate discovery by shielding from disclosure trade secrets and other confidential business information, thereby encouraging parties apprehensive about the disclosure of such information to cooperate in discovery.").

There is also no indication that personnel files and related records receive greater protection than other confidential information commonly exchanged during discovery, or that the *Illinois Personnel Record Review Act* trumps discovery obligations. *See Davis v. Precoat Metals, a Div. of Sequa Corp.*, No. 01 C 5689, 2002 WL 1759828, at *4 (N.D. Ill. July 29, 2002) (ordering disclosure of personnel files in discovery but with certain private, non-relevant information removed, and ordering that an appropriate protective order be put in place).

Moreover, in § 1983 cases alleging police misconduct, several Illinois courts have held that personnel files of defendants are discoverable. *See, e.g., Clark v. Ruck*, No. 13-cv-03747, 2014 WL 1477925, at *2 (N.D. Ill. Apr. 15, 2014) (collecting cases).

Additionally, even if the *Illinois Personnel Record Review Act* governed our inquiry, Sections 7 and 8 of the Act each contain a carve out allowing for disclosure of personnel records when the records are "ordered to a party in a legal action or arbitration." 820 ILCS 40/7(3)(b) and 820 ILCS 40/8. The Court's ruling today, pursuant to a legal action, unambiguously orders the City of Rockford to disclose the subpoenaed records to plaintiff. Thus, to the extent it applies to this discovery dispute, the *Illinois Personnel Record Review Act* does not prohibit disclosure of these records.

For the above reasons, we find that the privacy interests asserted do not justify quashing the subpoena. Rather, we find that an appropriate protective order is the proper remedy to protect Schuster's privacy interests.

<u>Relevance</u>

Regardless of a protective order, defendants also claim that the subpoenaed records are irrelevant to the instant case and cannot lead to admissible evidence. The Court disagrees.

First, Rule 26 does not limit discovery to information that is admissible. In fact, Rule 26 specifically states that "Information within this scope of discovery *need not be admissible* in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1) (emphasis added). Thus, our inquiry is centered on whether the subpoenaed records are relevant to plaintiff's claims.

Courts have routinely held that personnel files and disciplinary records of police officers are relevant for discovery purposes in claims of police misconduct. *See, e.g., Terry v. Zernicke*,

1996 WL 5183, at *2 (N.D. Ill. Jan.2, 1996) ("The personnel files, including disciplinary histories, of law enforcement officers are relevant to assessing a claim of misconduct by such officials, and are, therefore, presumptively discoverable."); *Vodak v. City of Chicago*, 2004 WL 1381043, at *5 (N.D. Ill. May 10, 2004) ("Numerous courts have held that the personnel files and complaint histories of defendant officers are relevant in § 1983 actions involving police misconduct ..."). Along those same lines, plaintiff argues that the prior employment records may illuminate other similar incidents to the instant case, including use of force determinations or discipline concerning Officer Schuster, which will help evaluate the veracity of Officer Schuster's account of the instant use of force and the reasonableness thereof.[3]

On the other hand, defendants' primary argument appears to be that plaintiff has already received Schuster's personnel file from the Village of Arlington Heights, and therefore the personnel file and related records from the City of Rockford are irrelevant to the instant case. The Court disagrees, as we do not see a critical distinction between Schuster's employer at the time of the incident and his previous employer. A key concern underlying the discovery is Schuster's past conduct as a law enforcement officer, and, specifically, whether he has a history of misconduct. *See Lepianka v. Village of Franklin Park*: "The disciplinary records of the defendant officers are discoverable because evidence of other 'bad acts' may be relevant to establishing one of the permissible matters under Rule 404(b)." 2004 WL 626830 at * 1 (N.D. Ill. Mar. 26, 2004). In other words, the employer of the officer at the time of prior "bad acts" will typically be only incidental to the discovery request; the key concern is the prior acts themselves and any documentation of those acts. Thus, it makes little sense to prohibit plaintiff from

---

[3] To be clear, our ruling as to relevance for purposes of discovery is not to suggest that relevance as defined by the Federal Rules of Evidence has been met. See Fed. R. Evid. 401. Thus, defendants' arguments as to relevance may eventually win out in the context of a trial. We are simply making a relevancy determination for discovery purposes.

obtaining information related to Schuster's prior acts simply because they occurred while Schuster worked for another police department.

Defendants also argue that because Schuster received additional training when he joined the Arlington Heights Police Department (and because he receives ongoing training), the records from Rockford are irrelevant. The implication is that even if Schuster committed misconduct in Rockford, those acts are not relevant to the instant case because the training he received in Arlington Heights extinguished any bad habits Schuster had in Rockford.[4] The Court is not persuaded by this proposition. Even if Schuster received significant training from Arlington Heights, and even if that training improved the way he conducts himself as a police officer, it is a massive leap of logic to say that his prior law enforcement conduct with Rockford is rendered entirely irrelevant as a result. The Court finds that argument to be far too speculative at this juncture of the litigation.

For these reasons, we find that the subpoenaed records are relevant to plaintiff's claims.

Broadness

Defendants and the City of Rockford both assert that the subpoena is overbroad. While the City of Rockford provides no elaboration for their assertion, defendants offer one supporting argument: the subpoena is overbroad because it contains no time limitation. However, it is undisputed that Schuster only worked for the Rockford Police Department for approximately four years. Thus, by default, the subpoena is limited to an approximately four-year period. We do

---

[4] Similarly, Officer Schuster's training while at Rockford may also inform his understanding of reasonable police conduct. While different law enforcement departments may have different policies regarding various aspects of an officer's performance, fundamental principles regarding use of force are tied to constitutional standards. Thus, Schuster's training in general, whether while at the Rockford Police Department or the Arlington Heights Police Department, is relevant at the discovery stage.

not see how a request for records over a period of four years is overbroad, particularly in the context of a police misconduct case. "[I]n cases involving allegations of police misconduct, plaintiffs are given a broad temporal scope for discovery." *Clark v. Ruck*, No. 13-CV-03747, 2014 WL 1477925, at *2 (N.D. Ill. Apr. 15, 2014).

Thus, the Court finds that the subpoena is not overbroad.

Privilege/In-Camera Review

Defendants also claim that the subpoena requests records that *may* be privileged. Thus, defendants propose that if the Court is inclined to allow the subpoena to go forward, the Court should conduct an *in camera* review of the records first. Defendants cite to two cases as support for this request for relief. The first case, *Sullivan v. Gurtner Plumbing, Inc.*, 2012 WL 896159 (N.D. Ill. 2012), contains no discussion of *in camera* review. The second case, *Watkins v. McCarthy*, 2012 IL App (1st) 100632, is a state court decision that discusses *in camera* review within the context of a FOIA dispute under Illinois law. Neither of these cases provide a compelling basis for this Court to review a third-party subpoena response *in camera*. Following our order today, we have no reason to believe that the City of Rockford and its attorneys will not conduct a diligent review of the subpoenaed records—including a review for privileged materials—before tendering its response to plaintiff. To the extent the City of Rockford identifies privileged documents, the City must identify those documents through a privilege log, giving plaintiff sufficient notice of the document at issue and the basis for the assertion of privilege. Fed. R. Civ. P. 45(e)(2); *see also Schaeffer v. City of Chicago*, 2020 WL 7395216 at *1 (N.D. Ill. Aug. 12, 2020).

For these reasons, the Court denies defendants' request to conduct an *in camera* review of the subpoenaed records.

## Conclusion

For the above reasons, we deny defendants' Motion to Quash Subpoena to Rockford Police Department [47]. The City of Rockford is ordered to comply with plaintiff's subpoena by March 22, 2023. Additionally, the parties must file a motion for an appropriate protective order by March 20, 2023.

**SO ORDERED.**

**DATED: 3/14/23**  **ENTERED:**

**M. David Weisman**
**United States Magistrate Judge**